**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUGUST BRYAN KREIS, IV,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-1486** |
| | : | |
| **NORTHAMPTON COUNTY, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 22nd day of September 2026, upon consideration of August Bryan Kreis IV's pro se complaint, Dkt. No. 2, it is **ORDERED** that:

1. For the reasons stated in the Court's memorandum, the following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. deliberate indifference claims asserted against nonmedical personnel,

   b. deliberate indifference claims based on alleged interference with Kreis's continuous positive airway pressure machine, providing crushed pills, and failing to place Kreis on medical observation,

   d. due process claims arising from Kreis's February 2025 placement in disciplinary segregation,

   e. all claims arising from the handling of grievances,

   f. all claims based on violations of the Prison Rape Elimination Act, and

   g. all claims arising from violation of prison policy

2. The following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

a. deliberate indifference claims based on the alleged failure to of medical staff to use a vagus nerve stimulation device during seizures,

b. due process claims based on Kreis's September 2024 placement in disciplinary segregation,

c. claims against Northampton County,

d. retaliation claims against anyone except Ryan Keesler, and

e. Kreis's claims against Melody, Kathleen Maher, and Anthony Pier.

3. The Clerk of Court is **DIRECTED** to send Kreis a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

4. Kreis is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible claims. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Kreis's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 25-1486. If Kreis files an amended complaint, his amended complaint must be a complete document that includes all the bases for Kreis's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Kreis should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so ordered by the Court.

5. If Kreis does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Caffery, Tamburino, Foley, Fritz, Gleason, Candia-Romero, Payton, Ladanna, Nathalia, Ivy, Kneas, and Keesler only. Kreis may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Kreis is reminded to include the case number for this case, 25-1486.

6. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

7. Kreis's motion for copy of the September 8, 2025 order, Dkt. No. 9, is **DENIED** as moot.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*

**JEFFREY L. SCHMEHL, J.**